# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD LEE SATERSTAD, | |
| Plaintiff, | Case No. 2:16-cv-01947-JAD-CWH |
| vs. | **AMMENDED ORDER &** |
| STATE OF NEVADA, | **REPORT & RECOMMENDATION** |
| Defendant. | |

Presently before the court is pro se Plaintiff Richard Lee Saterstad's application to proceed *in forma pauperis* (ECF No. 9), filed on October 24, 2017. Also before the court is Plaintiff's motion for appointment of counsel (ECF No. 5), filed on May 1, 2017.

## I. *IN FORMA PAUPERIS* APPLICATION

Plaintiff has submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, Plaintiff's request to proceed *in forma pauperis* will be granted.

## II. SCREENING COMPLAINT

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, file to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(b). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his

claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Here, Plaintiff brings a complaint against the Drug Enforcement Agency ("DEA") under 42 U.S.C. § 1983, as well as 18 U.S.C. §§ 241 and 242, alleging that the DEA violated his rights by conducting a search and seizure pursuant to a warrant that Plaintiff alleges was not based on probable cause, and through use of excessive force in conducting the search and seizure.

As a preliminary matter, 18 U.S.C. §§ 241 and 242 are criminal statutes, and cannot form the basis of a civil action. *Peabody v. United States*, 394 F.2d 175, 177 (9th Cir. 1968). As for Plaintiff's § 1983 claims, these are characterized as personal injury claims for statute of limitations purposes. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985). Nevada personal injury claims must be brought within two years of the alleged conduct. Nev. Rev. Stat. 11.190(4)(c) and (e). The statute of limitations for § 1983 claims brought in Nevada is therefore two years. *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989). An action is deemed to be commenced when the complaint was filed. *Id.*

Here, Plaintiff's claim arises out of conduct alleged to have occurred in Nevada, and was brought in the District Court for the District of Nevada. The alleged conduct occurred on February 12, 2013. Plaintiff's complaint was filed on August 10, 2016, more than two years after the alleged conduct. The § 1983 claim is therefore time-barred. Plaintiff's complaint does not state a claim for which he is entitled to relief, and because it is time-barred, cannot be cured by amendment. The

Court will therefore recommend that Plaintiff's complaint be denied with prejudice.

**III.     Motion for Appointment of Counsel**

As for Plaintiff's motion for appointment of counsel, civil litigants do not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. For example, courts have discretion, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *Ageyman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). The circumstances in which a court will make such a request, however, are exceedingly rare and require a finding of extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986). The difficulties inherent in proceeding pro se do not qualify as exceptional circumstances. *Housewright*, 900 F.2d 1332, 1335-1336 (9th Cir. 1990).

To determine whether the "exceptional circumstances" necessary for appointment of counsel are present, courts evaluate (1) the likelihood of plaintiff's success on the merits and (2) the plaintiff's ability to articulate his claim *pro se* "in light of the complexity of the legal issues involved." *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). Neither of these factors is dispositive and both must be viewed together. *Wilborn*, 789 F.2d at 1331.

Here, the court does not find any exceptional circumstances. Plaintiff has not stated a claim for which he is entitled to relief, nor is the claim unusually complex in light of the legal issues involved. The Court will therefore deny the motion for appointment counsel.

The Court previously entered an order (ECF No. 11) on February 28, 2018 addressing the above issues. That order contained a typographical error and will be vacated.

//
//
//
//
//

IT IS THEREFORE ORDERED that the Court's order and report and recommendation (ECF No. 11) is VACATED.

IT IS FURTHER ORDERED that Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (ECF No. 9) is GRANTED. Plaintiff will not be required to pay the filing fee in this action. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security for fees or costs.

IT IS FURTHER ORDERED that the Clerk of the Court must file Plaintiff's complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that Plaintiff's motion for appointment of counsel (ECF No. 5) is DENIED.

IT IS RECOMMENDED that the complaint be DISMISSED with prejudice for failure to state a claim upon which relief can be granted.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: March 1, 2018

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**